UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALLEN SHEPHARD,

    Plaintiff,

v.                                          Case No:   8:14-cv-1263-T-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____

**OPINION AND ORDER**

This cause is before the Court on Plaintiff, Allen Shephard's Complaint (Doc. 1) filed on May 29, 2014.  Plaintiff, Allen Shephard seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for supplemental security income.  The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions.  For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to §205(g) of the Social Security Act, 42 U.S.C. §405(g).

**I.  Social Security Act Eligibility, the ALJ Decision, and Standard of Review**

**A.  Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§404.1505, 416.905.  The impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy.  42 U.S.C. §§423(d)(2),

1382(a)(3); 20 C.F.R. §§404.1505 - 404.1511, 416.905 - 416.911.  Plaintiff bears the burden of persuasion through step four, while at step five the burden shifts to the Commissioner.  *Bowen v. Yuckert*, 482 U.S. 137, 146, n.5 (1987).

**B.  Procedural History**

On July 19, 2010, Plaintiff filed an application for supplemental security income asserting a disability onset date of June 25, 2008.[1]  (Tr. p. 202, 281).  Plaintiff's application was denied initially on September 15, 2010, and on reconsideration November 30, 2010. (Tr. p. 202, 204).  A hearing was held before Administrative Law Judge Glen H. Watkins on July 23, 2012. (Tr. p. 37-64).  The ALJ issued an unfavorable decision on August 1, 2012. (Tr. p. 20-32).  On March 25, 2014, the Appeals Council denied Plaintiff's request for review.  (Tr. p. 2-3).  Plaintiff filed a Complaint (Doc. 1) in the United States District Court on May 29, 2014.  This case is ripe for review.  The parties consented to proceed before a United States Magistrate Judge for all proceedings.  (See, Doc. 19).

**C.  Summary of the ALJ's Decision**

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that he is disabled.  *Packer v. Commissioner of Social Security*, 542 F. App'x 890, 891 (11th Cir. 2013)[2](citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).  An ALJ must determine whether the claimant (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in

---

[1] At the hearing, Plaintiff amended his alleged onset date to March 18, 2009, and in the Memorandum in Opposition, Plaintiff asserts that he "has alleged an inability to work, commencing on July 23, 2012."  (Tr. p. 20, 41, Doc. 24, p. 3).

[2] Unpublished opinions may be cited as persuasive on a particular point.  The Court does not rely on unpublished opinions as precedent.  Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 31.1, Fed. R. Ap. P.  Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform his past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Commissioner of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 19, 2010, the application date. (Tr. p. 22). At step two, the ALJ found that the Plaintiff suffered from the following severe impairments: degenerative disk disease of the lumbar spine with radiculopathy; left shoulder supraspinatus tendinopathy; osteoarthritis of the hip; knee arthralgias; cervicalgia; lumbago; and obesity (20 C.F.R. § 416.920(c). (Tr. p. 23). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, and 416.926). (Tr. p. 24). At step four, the ALJ determined that the Plaintiff has the residual functional capacity ("RFC") to perform less than a full range of light work. (Tr. p. 24). He can lift and carry 20 pounds occasionally and 10 pounds frequently; can stand or walk approximately 6 hours and sit about 6 hours in an 8-hour workday; cannot climb ladders, ropes or scaffolds; can occasionally climb ramps or stairs, balance, stoop, kneel, crouch, or crawl; and can occasionally reach with the left dominant arm. (Tr. p. 24). The ALJ decided that Plaintiff is not capable of performing his past relevant work as a cleaner which is semi-skilled medium exertional work. (Tr. p. 30). At step five, the ALJ found that considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs in significant numbers in the national economy which Plaintiff is able to perform, such as toll collector and parking lot cashier. (Tr. p.

31). The ALJ determined that Plaintiff has not been under a disability from July 19, 2010, the date of the application was filed. (Tr. p. 32).

### D. Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales,* 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla; i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson*, 402 U.S. at 401.

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote,* 67 F.3d at 1560; *accord*, *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

### II. Analysis

Plaintiff raises two issues on appeal. As stated by Plaintiff, they are:

1) The ALJ erred in finding that Plaintiff could perform work which was sedentary unskilled work, when the medical vocational guidelines of the social security regulations directed a finding of disabled, if Plaintiff was limited to sedentary unskilled work.

2) The ALJ erred in finding that Plaintiff could perform a job which, at times, required repetitive use of his arms, when at the same time he found that Plaintiff could only occasionally reach with the left dominant arm.

**A. Whether ALJ erred in failing to find Plaintiff disabled based on the Medical Vocational Guidelines**

Plaintiff argues that if a claimant suffers from both exertion and non-exertional limitations, then an ALJ must consult the Medical Vocational Guidelines first to determine if it directs a finding of disabled based on the strength requirement alone citing 20 C.F.R. Part 404, subpart P, Appendix 2, Table 1, Section 200.01(E)(2). Plaintiff continues that if a claimant is found disabled on the strength requirement alone, then there is no need to examine the effects of non-exertional limitations. Plaintiff asserts that if there is finding of not disabled, then the ALJ must utilize a vocational expert to determine the effects of a claimant's exertional and non-exertional limitations and consider a claimant's RFC to determine whether jobs exist in significant numbers in the national economy that a claimant is able to perform.

Plaintiff claims that the VE only cited to jobs that were in the sedentary unskilled category, and the ALJ adopted the VE's recommendations. Plaintiff argues that if he is limited to sedentary unskilled work then the Medical Vocational Guidelines dictate that he be found disabled. Plaintiff argues that the job of parking lot cashier is listed in the Dictionary of Occupational Titles

("DOT"[3]) as light, however, the vocational expert testified that based on her experience, this job could be done at the sedentary level.

Plaintiff also argues that the ALJ erred in finding that the vocational expert's testimony was consistent with the DOT because the vocational expert found that the job of parking lot cashier could be performed at the sedentary level, when it was listed at the light exertional level in the DOT.

The Commissioner argues that the vocational expert testified that the DOT identified the job of parking lot cashier at the light exertional level, but in her experience, the job can be performed more often seated and did not require lifting over 10 pounds, but noted that the job could entail standing for most of the day, and whether light or sedentary, the ALJ concluded that Plaintiff was able to perform this job. The Commissioner also asserts that even if this job of parking lot cashier is eliminated from consideration, the ALJ identified another job of toll collector in substantial numbers in the state and national economy that is at the light exertional level that Plaintiff is able to perform. Therefore, even if the ALJ erred in identifying the job of parking lot cashier, the error is harmless because the ALJ identified another job at the light exertional level that Plaintiff can perform.

At step 4 of the sequential evaluation, the ALJ determined that Plaintiff has the RFC to perform less than a full range of light work, finding that Plaintiff can lift and carry 20 pounds occasionally and 10 pounds frequently; can stand or walk approximately 6 hours and sit about 6 hours in an 8-hour workday; cannot climb ladders, ropes or scaffolds; can occasionally climb ramps or stairs, balance, stoop, kneel, crouch, or crawl; and can occasionally reach with the left dominant arm. Plaintiff does not contest this RFC finding.

---

3 "DOT" refers to the *Dictionary of Occupational Titles*, (4th ed.).

Plaintiff argues that even though the ALJ found Plaintiff could perform less than a full range of light work, the Vocational Expert indicated a job, parking lot cashier, which could be performed at the sedentary level and therefore under the Medial Vocational Guidelines, 20 C.F.R. pt. 404, subpt. P, app.2 (the "Grids"), the ALJ should have found Plaintiff to be disabled. At step five of the sequential evaluation, the burden shifts to the Commissioner to prove that other jobs exist in the national economy in significant numbers that a plaintiff is able to perform. *Hutchison v. Astrue*, 2009 WL 4730556, *2 (M.D. Fla. Dec. 4, 2009)(citing *Wolfe v. Chater*, 86 F.3d 1072, 1077 (11th Cir. 1996)). "The ALJ uses the claimant's residual functional capacity (RFC), age, education, and work experience to determine if other work is available in significant numbers in the national economy that the claimant can perform." *Id.* (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004)). An ALJ may use the Grids in certain circumstances, however if a claimant is unable to perform a full range of work in a certain level and has non-exertional impairments that significantly limit basic work skills, then exclusive reliance of the Grids is not appropriate and the additional evidence, preferably from a vocational expert is needed. *Id.* (citing *Phillips*, 357 F.3d at 1242, and *Wolfe*, 86 F.3d at 1077-78)).

In the instant case, it is uncontested that a parking lot cashier, 211.462-010 is listed at light exertional level, SVP2 in the DOT. At the hearing Vocational Expert, Teresa Manning ("VE") testified. (Tr. p. 55). Ms. Manning reviewed the file and listened to the testimony at the hearing. (Tr. p. 55). The ALJ provided the VE with a hypothetical that included the following:

> Assume a person claimant's age, education, work experience who can lift up to 20 pounds occasionally, lift up to 10 pounds frequently, and light work as defined by the regulations, stand or walk for approximately 6 hours per 8 hour work day with normal breaks, never climb ladders, ropes or scaffolds, occasional on all the other postural limitations including climbing ladders – or strike – climbing ramps or stairs, balancing, stooping, crouching, kneeling, and crawling, limit reaching that includes overhead to occasional, and that's with the left arm, the dominant arm, his dominant arm.

(Tr. p. 56). The VE found that a person with the limitations in the hypothetical was not able to perform Plaintiff's past relevant work. (Tr. p. 57). The ALJ asked the VE if a person with the limitations in the hypothetical was able to perform other jobs in the regional or national economy, and the VE responded yes. (Tr. p. 57). The VE found that a person with the limitations in the hypothetical could perform the job of toll collector, DOT #211.462-038 and parking lot cashier, DOT #211.462-010, both listed at the light exertional level.

Upon questioning by counsel about whether the parking lot cashier position was at a sedentary or light level, the VE testified that from her personal observation the job is done more in the seated position than in the standing position. (Tr. p. 62-63). The VE further testified that although the DOT defines that position at a light level, in her experience the actual job as it is performed would fall within the category of sedentary because the parking lot cashier position is done mainly in a seated position. (Tr. p. 62). The VE also testified that the parking lot cashier position could be done standing the entire day, or sitting the entire day, depending on the actual job. (Tr. p. 63).

The ALJ determined that Plaintiff could perform light work with certain limitations. When he asked the VE if there were jobs that a person with Plaintiff's limitations could perform, the VE found two jobs both listed at the light level in the DOT. The VE did testify that the parking lot cashier position may be performed in a seated position and does not require lifting over 10 pounds, and if this were the actual position, it would fall into the sedentary level. However, the ALJ found that Plaintiff could do light work with limitations, and the VE found two positions classified at the light level by the DOT. The ALJ did not limit Plaintiff to a sedentary level, and the VE found positions at a light level according to the DOT. If the parking lot cashier was

required to stand for most of the day, which is a possibility, then the position would be conducted at a light level. Neither the ALJ nor the VE precluded Plaintiff from performing the parking lot cashier at a light exertional level. Finally, even if the job of parking lot cashier would be found to be sedentary, the ALJ also determined that Plaintiff was able to perform the job of toll collector, DOT # 211.462-038 which is also performed at the light exertional level, and any conflict between the VE and the DOT would be immaterial. The Court finds that the decision of the ALJ is supported by substantial evidence in finding Plaintiff is not disabled based on the Medical Vocational Guidelines.

### B. Whether the ALJ erred in finding Plaintiff could perform a job requiring repetitive arm use when also finding that Plaintiff was limited to occasionally reaching with the left dominant arm

Plaintiff argues that the ALJ found that Plaintiff could occasionally reach with his left dominant upper extremity. Plaintiff claims that the VE found that Plaintiff could perform the job of toll collector, however according to the DOT, the job of toll collector entails frequent reaching especially during busy times. Plaintiff asserts that the VE testified that if a hypothetical worker could not use his dominant arm repetitively at any time during the day, then this worker would be unable to perform the jobs of parking lot cashier or toll collector. Plaintiff argues that logic dictates that if a person can only reach occasionally with his dominant arm, then he would be unable to reach frequently or constantly with that arm for part of the day, even if during the balance of the work time, the worker would not have to use his arm often. Plaintiff requests that the case be remanded for the ALJ to determine if Plaintiff can use his left dominant arm for repetitive reaching during part of an 8-hour workday, even though he is limited to occasional reaching.

The Commissioner responds that Plaintiff's attorney posed a hypothetical question to the VE concerning repetitive use of a left dominant arm, however, the ALJ was not required to accept the limitations set forth by Plaintiff's attorney in the hypothetical question. Plaintiff's counsel asked if Plaintiff could not use his left dominant arm repetitively would he be able to perform the jobs of parking lot cashier or toll collector, and the VE responded no. The Commissioner contends that the ALJ found that Plaintiff could occasionally reach with his left dominant arm, and the VE testified that she had placed individuals with similar restrictions in jobs such as toll collector and parking lot cashier. The Commissioner asserts that the ALJ properly concluded that Plaintiff was able to perform the jobs of parking lot cashier and toll collector by being able to reach occasionally especially in light of the VE testifying that there was "down time" in these jobs when no reaching is required.

At the hearing, the ALJ included in his hypothetical that Plaintiff's reaching with his left dominant arm was limited to occasional. (Tr. p. 56). The ALJ clarified with the VE that Plaintiff was limited to occasional reaching with his left dominant arm, including occasional reaching overhead. (Tr. p. 58). The VE testified that with the limitations of occasional reaching, Plaintiff would be able to perform the jobs of toll collector and parking lot cashier, because even though the DOT states that the reaching was frequent, the VE observed that in these jobs, there is significant down time to accommodate the limitation of occasional reaching. (Tr. p. 58-59). Plaintiff's counsel questioned the VE asking if a person who could not repetitively use the left arm at any time during the day even though accumulatively it would be occasional, would the person still be able to perform the jobs of parking lot cashier or toll collector, and the VE responded no. (Tr. p. 59).

The ALJ determined that with the reaching limitations in the RFC, the VE confirmed that Plaintiff was able to perform the jobs of toll collector and parking lot cashier. (Tr. p. 31). The RFC included the limitation that Plaintiff was able to occasionally reach with the left dominant arm. (Tr. p. 24). The ALJ explained that after additional clarification as to the reaching limitation set forth in the RFC, the VE found the toll collector and parking lot cashier to be jobs that Plaintiff could perform. (Tr. p. 31). The ALJ noted that the VE's opinion differed from the DOT as to the description of frequent reaching in these jobs. (Tr. p. 31). The ALJ noted that the VE testified that she had placed individuals with similar reaching restrictions in these positions and observed that these individual were able to perform these jobs with the reaching restrictions. (Tr. p. 31-32). The ALJ noted that the VE found that individuals performing these jobs can have significant down time, and therefore were able to perform these jobs with a limitation of occasional reaching. (Tr. p. 32).

"'An ALJ relies on the testimony of a [VE] to determine that level of skill the claimant achieved in his past work, whether the claimant has transferable skills, and whether the claimant can perform other jobs.'" *Hutchinson v. Astrue*, 2009 WL 4730556, *3 (M.D. Fla. Dec. 4, 2009) (citing *Zimmer v. Comm'r of Soc. Sec.*, 211 F. App'x 819, 820 (11th Cir. 2006) (*Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999). An ALJ is permitted to rely on a VE's testimony to supplement the DOT, and where it conflicts with the DOT, the vocation expert's testimony trumps the DOT. *Niesen v. Comm'r of Soc. Sec.*, 2014 WL 3384909, *5 (M.D. Fla. July 10, 2014) (citing *Thomas v. Comm'r of Soc. Sec.*, 497 F. App'x 916, 920-21 (11th Cir. 2012) (citing *Jones*, 190 F.3d at 1229-30)). In the instant case, the VE considered Plaintiff's limitations in reaching with his left dominant arm, and determined that Plaintiff could perform the duties of a toll collector and parking lot cashier. Even though the DOT provided that to perform the duties of a toll collector an

individual must be able to reach frequently, the VE determined that Plaintiff's ability to reach occasionally with his left dominant arm would be sufficient to perform the duties of toll collector because of the down time. The VE's testimony trumps the DOT, and therefore the ALJ's opinion that Plaintiff is able to perform the job of toll collector with his RFC which includes occasional reaching with a left dominant arm is supported by substantial evidence.

### IV. Conclusion

Upon consideration of the submissions of the parties and the administrative record, the Court finds that the decision of the ALJ is supported by substantial evidence and decided upon proper legal standards.

**IT IS HEREBY ORDERED:**

The decision of the Commissioner is hereby **AFFIRMED** pursuant to sentence four of 42 U.S.C. §405(g). The Clerk is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on June 2, 2015.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties